UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVO CALLE and DANIEL CARDENAS,


                               Plaintiff,          **ACTION UNDER 29 U.S.C.§ 216(b)**

    -v.-

                                           **COMPLAINT**

REAL AUTO DETAILING, CORP doing business as
TASCA CENTRAL AVE HYUNDAI,
and SALVADOR QUIROZ, individually,

                            Defendants
------------------------------------------------------------X

       Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS, represented by their

attorneys, STILLMAN LEGAL PC., bring this Action on behalf of themselves and other

similarly situated employees of Defendants REAL AUTO DETAILING, CORP (DBA

TASCA CENTRAL AVE HYUNDAI) and SALVADOR QUIROZ, individually (collectively,

the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et

seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the

Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related

provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"). The

allegations are as follows, based upon information and belief:

### <u>NATURE OF THE ACTION</u>

       1. This Complaint seeks to recover unpaid minimum and overtime wage

compensation for the Plaintiffs, former employees of Defendant REAL AUTO

DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI), a New York Corporation

with offices at 78 Warren St, New Rochelle, NY 10801 and 111 N Central Ave,

Hartsdale, NY 10530, and its principal, Defendant SALVADOR QUIROZ. The Plaintiffs

were directly hired by Defendant SALVADOR QUIROZ, who determined their work

schedule and consistently provided daily orders and instructions. Defendant SALVADOR QUIROZ exercised disciplinary authority over the Plaintiffs, including issuing warnings, reprimands, and other disciplinary measures as he deemed necessary. The Plaintiffs allege that the Defendants willfully failed to pay the required wages. The Plaintiffs' primary duties included receiving cars, transporting them to other cities, valet parking, and washing cars under the direct supervision of Defendant SALVADOR QUIROZ.

2. As per New York State law, the Defendants were obligated to remunerate the Plaintiffs at a rate not less than $15.00 per hour, as stipulated by the "minimum wage" provisions. Contrarily, the Plaintiffs were unduly compensated at rates varying between $13.00 to $14.00 per hour for a standard 40-hour work week.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate the Plaintiffs with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants willfully only compensated the Plaintiffs at a rate of (I) $13, $13.50, and $14 per hour and failed to pay the Plaintiffs his lawful overtime pay for that period from April 2023 until October 4, 2024, and January 2022 until August 2024. During this period, the Plaintiffs worked well in excess of forty (40) hours per workweek, as determined by the work schedule set by Defendant SALVADOR QUIROZ. Defendant SALVADOR QUIROZ regularly exercised his authority to require the Plaintiffs to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. The Plaintiffs were required to work between forty-five and seventy hours per week without receiving appropriate overtime pay during the periods from April 2023 to October 4, 2024, and from January 2022 to August 2024.

5. Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring the Plaintiffs and other employees to work without providing the overtime compensation required by federal and state law and regulations.

6. The Plaintiffs bring this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. This deliberate lack of transparency and communication from Defendant QUIROZ caused significant injury to the Plaintiffs, including financial loss, emotional distress, and confusion, by obstructing their ability to accurately calculate their owed wages. This failure was a direct result of Defendant SALVADOR QUIROZ's negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate record keeping. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, thereby exacerbating the injury in fact suffered by the Plaintiffs, obstructing their ability to accurately determine owed wages, and facilitating continued violation of wage laws.

7. Accordingly, Plaintiff now brings this Action on behalf of themselves and other individuals in similar situations, for federal and state claims related to unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours wages, and failure to maintain records as required by the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as related provisions in Title 12 of the NYCRR.

8. In connection therewith, the Plaintiffs seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

9. The Plaintiffs further seek certification of this action on their own behalf pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Southern District of New York, pursuant to 28 USC § 1391(b)(c), as the Corporate Defendants have their principal place of business in this District, the Plaintiffs reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

### Plaintiff

14. Plaintiff GUSTAVO CALLE, an individual, has been residing in New York throughout the relevant period of this case.

15. Plaintiff GUSTAVO CALLE was employed by REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI), a New York Corporation, at its offices at 111 N Central Ave, Hartsdale, NY 10530. His period of employment spanned from approximately April 2023 until October 4, 2024. During this period, Plaintiff was employed to clean and wash the cars. Defendant SALVADOR QUIROZ determined and controlled his work schedule, including working hours and days. Moreover, QUIROZ had the authority to discipline CALLE and did so on several occasions during the course of his employment.

16. At all times relevant hereto, Plaintiff CALLE was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

18. Plaintiff DANIEL CARDENAS is and was at all times relevant hereto an individual residing in New York.

19. Plaintiff DANIEL CARDENAS was employed by REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI), a New York Corporation, at its offices at 111 N Central Ave, Hartsdale, NY 10530. His period of employment spanned from approximately January 2022 until August 2024. During this period, Plaintiff was employed to clean and wash the cars, do valet parking, receive cars, and take them to other cities. Defendant SALVADOR QUIROZ determined and controlled his work schedule, including working hours and days. Moreover, QUIROZ had the authority to discipline CARDENAS and did so on several occasions during the course of his employment.

20. At all times relevant hereto, Plaintiff CARDENAS was a covered employee within the meaning of the FLSA and the NYLL.

21. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

22. Defendant REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI) is, upon information and belief, a duly organized New York Corporation with

its principal places of business located at 78 Warren St, New Rochelle, NY 10801 and

111 N Central Ave, Hartsdale, NY 10530.

23. Upon information and belief, Defendant REAL AUTO DETAILING, CORP

(DBA TASCA CENTRAL AVE HYUNDAI) is engaged in interstate commerce in that it

relies heavily on products that have been transported across state lines and generates

annual gross revenues in excess of $500,000 per year, independent of excise taxes, for

2024, and is directly engaged in interstate commerce.

24. Upon information and belief, Defendant SALVADOR QUIROZ is the

President, Chief Executive Officer, manager, principal, or agent of Defendant REAL

AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI).

25. Upon information and belief, and at all times relevant to the claims herein,

Defendant SALVADOR QUIROZ willfully and knowingly possessed operational control

over Defendant REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE

HYUNDAI) by reason of his ownership interest, and control of significant functions of

Defendant Corporation. Defendant SALVADOR QUIROZ: (i) was known and referred to

as "Boss" by Plaintiff and the other similarly situated employees of Defendant REAL AUTO

DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI); (ii) personally hired

Plaintiff, setting his wages and compensation; (iii) regularly (iv) established Plaintiff's

'work schedules and workload, giving them daily orders and instructions; (v) maintained

and personally reviewed employee records; (vi) paid the Plaintiffs weekly wages; (vii)

had the authority to and did in fact discipline the Plaintiffs during the course of their

employment; and (viii) ultimately terminated the Plaintiffs employment.

26. Defendant SALVADOR QUIROZ acted intentionally and maliciously and is an

employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder,

29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

27. Defendants owned and operated REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI), a corporate entity principally conducting business operations in Westchester, New York. At all relevant times, Defendants REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI), and SALVADOR QUIROZ maintained operational control over the Defendant Corporation, had an ownership interest in it, and directed significant functions of the Defendant Corporation.

28. As part of their regular business practice, Defendants systematically harmed the Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees, including Plaintiff GUSTAVO CALLE and DANIEL CARDENAS, the statutory minimum wage for work performed for the first forty (40) hours per week, thereby causing them financial harm and distress;

   b. failing to pay employees, including Plaintiff GUSTAVO CALLE and DANIEL CARDENAS, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

   c. failing to keep accurate records of hours worked by employees, including Plaintiff GUSTAVO CALLE and DANIEL CARDENAS, as required by the FLSA and NYLL, thus causing financial harm and distress due to inaccuracies in wage calculation.

   d. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery stage of the litigation.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

29. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct, which has been intentional, willful, and in bad faith, has inflicted significant financial damage, emotional distress, and other consequential damages upon Plaintiff GUSTAVO CALLE and DANIEL CARDENAS, as well as the other class members.

30. Defendant REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI), under the direct supervision and authority of Defendant SALVADOR QUIROZ, acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

31. At all times during the Plaintiff's employment, Defendants REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI) and SALVADOR QUIROZ maintained significant control over the working conditions of the Plaintiffs and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant QUIROZ personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

32. Defendants REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI) and SALVADOR QUIROZ jointly employed the Plaintiffs and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

33. Defendants REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI) and SALVADOR QUIROZ constitute a single employer of the Plaintiffs

and/or similarly situated individuals, as any business divisions between them are fictional.

34. At all times relevant hereto, Defendants REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI) and SALVADOR QUIROZ were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiffs, conducting interviews and making the final decision to employ the Plaintiffs. Similarly, the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendants had the authority and power to hire and fire the Plaintiffs, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiffs for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as well as the rate and method of compensation. This substantial control is demonstrated by the Defendants' decisions on the Plaintiff's salary, method of payment, and daily work schedules.

35. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which the Plaintiffs contend is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff GUSTAVO CALLE**

36. Plaintiff worked from approximately April 2023 until October 4, 2024. Defendants employed Plaintiff CALLE at their 111 N Central Ave, Hartsdale, NY 10530 facility. Plaintiff was employed to clean and wash the cars and did any additional tasks assigned by Defendant QUIROZ.

37. The plaintiff worked Monday through Saturday, 9 A.M. to 4 P.M. for 8 months, at a rate of $13 per hour. Subsequently, his schedule changed to Monday through Saturday, 12 A.M. to 8 P.M., at a rate of $13.50 per hour. On Sundays, he worked for 5 hours, receiving compensation of $100. The plaintiff worked between 48 and 53 hours per week, with payments in cash and direct deposit. Throughout his employment, the Defendants did not allow him to record his hours worked, further violating labor laws.

38. From April 10, 2023, until December 31, 2023, Plaintiff was paid $13 per hour. The underpayment per week was calculated based on the difference between the legal minimum wage and the wage received, which amounts to $127.50. The total underpayment for that period was calculated by multiplying the weekly underpayment by the number of weeks worked, resulting in $4,845. From January 1, 2024, until October 4, 2024, Plaintiff was paid $13.50 per hour, the underpayment per week was $127.50, and the total underpayment of that period of time was $9,460. The total wages owed amount to approximately $14,305.

39. Plaintiff CALLE was not permitted to work at his own convenience, but was mandated to adhere to a work schedule imposed by Defendants, which was strictly enforced and subject to frequent changes. Moreover, once scheduled for a shift, Plaintiff CALLE did not come and go at his pleasure but rather was controlled by Defendants.

40. Plaintiff CALLE qualifies as an employee under the provisions of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). His job description and responsibilities did not align with the "professional," "executive," or "administrative" exemptions as they did not necessitate the use of discretion or independent decision-making. Rather, Plaintiff CALLE's tasks were primarily focused on manual labor.

41. Plaintiff CALLE regularly handled goods in interstate commerce and other items produced outside of the State of New York.

42. Throughout his employment term with the Defendants, Plaintiff CALLE was not compensated with the appropriate minimum and overtime wages. We contend that this violation was conducted willfully and deliberately by the Defendants.

43. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff CALLE regarding wages as required under the FLSA and NYLL.

44. Defendants did not provide Plaintiff CALLE with each payment of wages an accurate statement of wages, as required by NYLL 195(3). This failure caused substantial injury in fact to the Plaintiff as it hindered his ability to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages.

45. Defendants never provided Plaintiff CALLE with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and others associated damages.

## Plaintiff DANIEL CARDENAS

46. Plaintiff worked from approximately January 2022 until August 2024. Defendants employed Plaintiff CARDENAS at their 111 N Central Ave, Hartsdale, NY 10530 facility. Plaintiff was employed to clean and wash the cars, do valet parking, receive cars, take them to other cities, and do any additional tasks assigned by Defendant QUIROZ.

47. The plaintiff worked for a full year, then had a month off from the company and returned again, working until 2024. His hours were Monday through Saturday, 7 A.M. to 5:30 or 6 P.M., with occasional Sundays of 5 hours at a pay of $100. During this time, the Plaintiff worked between 70 and 72 hours per week. Subsequently, his hours

were reduced but always exceeded 40 hours per week. The wage was $13 per hour for the first 6 months and then rose to $14 for the remainder of the time. The payment was made through direct deposit, and the plaintiff had 30 minutes for lunch. Throughout his employment, the Defendants did not allow him to record his hours worked, further violating labor laws.

48. From January 15, 2022, to December 31, 2022, Plaintiff CARDENAS received an hourly wage of $13, leading to an underpayment of $365 weekly, and a cumulative underpayment of $18,250 for that period. From January 1, 2023, to December 31, 2023, Plaintiff CARDENAS was compensated at $14 per hour, causing a weekly underpayment of $252.50, and a total underpayment of $13,130 for that timeframe. Between January 1, 2024, and August 25, 2024, Plaintiff CARDENAS' wage remained at $14 per hour, resulting in a weekly underpayment of $280 and an aggregate underpayment of $9,520 during that period. Overall, the estimated total outstanding wages amount to approximately $40,900.

49. Plaintiff CARDENAS did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff CARDENAS did not come and go at his pleasure but rather was controlled by Defendants.

50. Plaintiff CARDENAS was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff CARDENAS work is properly characterized as menial physical labor.

51. Plaintiff CARDENAS regularly handled goods in interstate commerce and other items produced outside of the State of New York.

52. Plaintiff worked without appropriate minimum and overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully by the Defendants.

53. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff CARDENAS regarding wages as required under the FLSA and NYLL.

54. Defendants did not provide Plaintiff CARDENAS with each payment of wages an accurate statement of wages, as required by NYLL 195(3). This failure caused substantial injury in fact to the Plaintiff as it hindered his ability to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages.

55. Defendants never provided Plaintiff CARDENAS with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and others associated damages.

## Defendants' General Employment Practices:

56. As part of their regular business practices, Defendants willfully required the Plaintiffs, GUSTAVO CALLE and DANIEL CARDENAS, to work beyond their scheduled hours without paying them the proper minimum and overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from April 2023 until October 4, 2024, and January 2022 until August 2024 without providing the requisite overtime compensation.

57. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

58. The Defendants purposefully neglected to display wage and hour posters in conspicuous places within the workplace, as required by Section 516.4 of the Fair Labor Standards Act (FLSA). Additionally, they did not provide the Plaintiffs, GUSTAVO CALLE and DANIEL CARDENAS, with wage and hour records or pay statements as mandated by the same Act. This was ostensibly an attempt by the Defendants to obscure their violations of wage and hour laws and exploit the Plaintiffs' reasonable expectations of transparency and compliance, given their limited knowledge of wage and hour laws.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours the Plaintiffs worked, and to avoid paying the Plaintiffs properly for (i) their full hours worked, (ii) minimum wages, and (iii) overtime wages.

60. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates, which the defendants failed to do. This willful failure to provide this written notice has caused the Plaintiffs, GUSTAVO CALLE and DANIEL CARDENAS, an injury in fact, as they were unable to accurately determine their owed wages, leading to financial harm and distress.

61. Throughout the relevant time period, Defendants paid the Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused the Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

62. Defendants failed to provide the Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS with <u>accurate</u> wage statements accompanying their wage payments. These wage statements should have included the following, as required by NYLL §195(3): the dates of work covered by the payment; the names of the employee and employer; the employer's address and phone number; the pay rates and basis thereof (whether hourly, shift-based, daily, weekly, salary, piece, commission, or otherwise); gross wages; deductions; any allowances claimed as part of the minimum wage; net wages; the regular hourly rate(s) of pay; the overtime rate(s) of pay; and the number of regular and overtime hours worked. This willful failure to provide accurate wage statements has caused the Plaintiffs injury in fact, leading to financial harm, emotional distress, and other injuries in fact as they were unable to understand and assert their rights regarding their wages fully.

## FIRST CAUSE OF ACTION
**VIOLATION OF FLSA MINIMUM AND OVERTIME WAGE PROVISIONS (29 U.S.C. § 206, 207) AND RECORDKEEPING PROVISIONS (29 U.S.C. § 211)**

63. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire the Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment. For instance, Defendants were directly involved in the hiring process of the Plaintiffs, with Defendant SALVADOR QUIROZ personally conducting the interview and offering the job to the Plaintiffs. Defendants also exercised control over Plaintiff's work schedule, with Defendant QUIROZ regularly setting their weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiffs,

with specific instructions on how to perform them, and provided direct supervision, with Defendant QUIROZ frequently monitoring Plaintiffs' work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

66. Defendants, in violation of the FLSA, failed to pay the Plaintiffs the applicable minimum and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

67. Defendants' failure to pay the Plaintiffs the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

68. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements.

69. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

70. The Plaintiffs (and the FLSA class members) seek compensation for their unpaid lawful minimum and overtime wages, liquidated damages as stipulated by the FLSA for wage violations, attorneys' fees and costs, along with other legal and equitable relief that this Court deems just and proper. The exact amount of damages will be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

71. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

72. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and

regulations, failed to pay the Plaintiffs minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

73. Defendants' failure to pay the Plaintiffs minimum and overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

74. As a result of the Defendants' deliberate breaches of the NYLL, Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS are entitled to reimbursement from the Defendants. This includes unpaid minimum wages, overdue overtime wages, and liquidated damages as stipulated under the NYLL. Additionally, they are entitled to reasonable attorneys' fees, costs, and interest accrued before and after the judgment (as specified under NYLL section 663).

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

75. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

76. At the time of hiring, and consistently thereafter, the Defendants failed to supply the Plaintiffs with the required notice. This notice should have detailed the rate of pay and the basis for this rate, including whether the pay is hourly, based on shifts, per day, weekly, on salary, piecework, commission, or any other common pay structure.; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and all other information required by law. This willful failure to provide notice has caused the Plaintiffs substantial injury in fact, as they were unable to fully understand and assert their rights under the law. This failure has led to financial losses, emotional distress, and other associated damages, such as lost opportunities and reduced earning potential.

Furthermore, due to the Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, the Plaintiffs have experienced additional hardship and injury, including but not limited to financial instability, emotional distress, and time spent correcting and seeking redress for these violations. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1).

77. Due to Defendants' violations of the NYLL § 195(1), the Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

78. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79. Defendants, specifically Defendant SALVADOR QUIROZ, directly hired the Plaintiffs and unilaterally determined the terms of their employment, which included setting their work schedules, dictating their job duties, and deciding on their wages without negotiation or input from the Plaintiffs. QUIROZ set their work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions. Despite these responsibilities, the Defendants have willfully failed to provide the Plaintiffs with complete and accurate wage statements throughout their employment. This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiffs. These statements should have included, among other things, all their regular and any overtime hours of

work, their rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused the Plaintiffs substantial injury in fact, resulting in significant financial loss, emotional distress, and other associated damages as he was unable to fully understand and assert their rights regarding their wages, in violation of NYLL § 195(3).

80. Due to Defendants' willful violations of the NYLL, the Plaintiffs are entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs GUSTAVO CALLE and DANIEL CARDENAS respectfully request that this Court enter judgment against Defendants REAL AUTO DETAILING, CORP (DBA TASCA CENTRAL AVE HYUNDAI) and SALVADOR QUIROZ, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to the Plaintiffs;

c. Declaring that Defendants have willfully violated the minimum and overtime wage provisions of, and associated rules and regulations

under, the FLSA as to the Plaintiffs;

      d.    Awarding the Plaintiffs liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

      e.    Awarding the Plaintiffs damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

      f.    Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

      g.    Awarding the Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

      h.    Awarding the Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

      i.    Awarding the Plaintiffs pre-judgment and post-judgment interest as applicable;

      j.    Awarding the Plaintiffs the expenses incurred in this action, including costs and attorney's fees; and

      k.    All such other and further relief as the Court deems just and

proper.

l.    An award of statutory damages for Defendants' failure to provide the Plaintiffs with the legally required wage notices at the time of their respective hiring, or at any point thereafter. This failure caused substantial injury in fact to the Plaintiffs as they were unable to accurately determine their owed wages, leading to significant financial losses including unpaid wages and overtime pay, emotional distress such as anxiety and stress, and other associated damages including loss of job opportunities and damage to reputation, in violation of NYLL § 198 (1-b);

m.    An award of statutory damages for Defendants' willful failure, meaning a deliberate or intentional failure as defined by NYLL § 198 (1-d), to provide the Plaintiffs with complete and accurate wage statements. This failure caused significant injury in fact to the Plaintiffs, as it led to their inability to fully understand and assert their rights regarding their wages and resulted in financial losses and distress, in violation of NYLL § 198 (1-d);

n.    An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

o.    An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

p.    An award for any injury in fact suffered by the Plaintiff due to Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, emotional distress, loss of opportunities, and any other tangible or intangible harm suffered by the

Plaintiffs as a direct result of Defendants' actions; and such other relief as

this Court shall deem just and proper.


Dated: New York, New York, November 12, 2024
          November 12, 2024

LINA STILLMAN, ESQ.



Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com